UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MUSIC L.A.A.,<br>Plaintiff,<br><br>v.<br><br>FANS FIRST ENTERTAINMENT, LLC, d/b/a THE SAVANNAH BANANAS; JOHN DOE 1, professionally known as “THE GLOVE MAGICIAN”; and DOES 2–10,<br>Defendants. | Civil Action No. ________________<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>JURY DEMAND |

Plaintiff Music L.A.A. ("L.A.A." or "Plaintiff"), through its undersigned counsel, brings this Complaint against Defendants Fans First Entertainment, LLC, d/b/a The Savannah Bananas ("FFE" or the "Bananas"); John Doe 1, professionally known as "The Glove Magician" (the "Glove Magician"); and Does 2–10 (together, "Defendants"), and alleges as follows.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq. Defendants took Plaintiff's registered musical work "Boo (original drum composition)," U.S. Copyright Registration No. PA 2-569-090 (the "Work"), built it into promotional videos for the Savannah Bananas, and pushed those videos out to a mass online audience without a license and without paying a cent.

2. The Savannah Bananas are a multi-million-dollar entertainment business built on social media. Short-form video is how the Bananas sell tickets, merchandise, sponsorships, and tours. Music drives that content. Every other brand that wants music in its advertising pays for it. The Bananas did not.

3. Defendants did not merely use the Work. FFE uploaded it to its official TikTok account and labeled it as the Savannah Bananas' own sound, stripping Plaintiff's ownership from the Work and inviting the public to reuse it under the Bananas' name.

4. Defendants used the Work in two videos: one published on FFE's official account,@thesavbananas, and one published by the Bananas' featured performer, The Glove Magician, from the field at the Bananas' home stadium beneath signage reading "Home of the Savannah Bananas."

5. Plaintiff gave FFE written notice, identified the registration and both videos, and offered to resolve the matter through a retroactive license. FFE identified no license, made no offer, and told Plaintiff it would not engage further. Plaintiff now asks this Court to hold Defendants accountable.

## THE PARTIES

6. Plaintiff Music L.A.A. is a music publishing company. L.A.A. owns, administers, and licenses copyrights in musical compositions, including the Work.

7. Defendant Fans First Entertainment, LLC owns and operates the Savannah Bananas, with its principal place of business in Savannah, Georgia. The Bananas play home games at Historic Grayson Stadium in Savannah. FFE controls the Bananas' official social-media accounts, including the TikTok account @thesavbananas.

8. Defendant John Doe 1, professionally known as "The Glove Magician," is a performer featured by the Savannah Bananas who operates the TikTok account @theglovemagician. Plaintiff will amend to state his true name when it is learned through discovery.

9. Defendants Does 2–10 are the persons and entities, including agencies, contractors, and FFE content personnel, who created, edited, approved, or published the

infringing videos, or who otherwise participated in or profited from the infringement. Plaintiff will amend to state their true names when they are learned through discovery.

10. At all relevant times, each Defendant acted as the agent, collaborator, orco-venturer of the others, and acted within the scope of that relationship.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

12. FFE purposefully directed its business at the Middle District of Tennessee, including the Nashville Division, by scheduling, advertising, and selling tickets to Savannah Bananas games here and earning substantial revenue from District residents. FFE used @thesavbananas, including the April 24, 2026 Bananas Video, to promote its tour and games here. Plaintiff's claims arise out of and relate to that conduct, and this Court therefore has specific personal jurisdiction over FFE.

13. The remaining Defendants acted in concert with FFE to create and distribute the challenged content directed to this District to promote its games and business activities here. This Court has personal jurisdiction over those Defendants. Venue is proper in the Middle District of Tennessee, Nashville Division, under 28 U.S.C. § 1400(a) because Defendants or their agents may be found in this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff Owns a Valid, Registered Copyright in the Work

14. The Work is an original musical composition authored by Kristers Zemnieks. It consists of original music, an original musical arrangement, an original drum composition, and an original rhythmic arrangement.

15. The Work embodies its author's creative choices, including the selection, sequencing, and arrangement of percussive voices, accents, syncopation, and rhythmic phrasing, combined with other musical material. Together these elements form a distinctive, immediately recognizable composition.

16. The Register of Copyrights issued Certificate of Registration No. PA 2-569-090 for the Work, with an effective date of registration of January 26, 2026.

17. The certificate identifies Music L.A.A. as copyright claimant by written transfer from the author, and identifies the material claimed as the music, musical arrangement, original drum composition, and rhythmic arrangement.

18. The certificate is prima facie evidence of the validity of the copyright and of the facts stated in it. 17 U.S.C. § 410(c).

19. L.A.A. is in the business of licensing the Work, including for synchronization in advertising and branded social-media content, and earns license fees from those uses.

**B. The Savannah Bananas Run a Social-Media Business**

20. FFE operates the Savannah Bananas as a commercial entertainment enterprise. Its revenue comes from ticket sales, national touring, merchandise, sponsorships, and media.

21. FFE's official TikTok account, @thesavbananas, is among its most important marketing channels. FFE uses it to grow its audience, drive ticket demand, promote sponsors and merchandise, and build the Bananas brand.

22. Content on @thesavbananas is not fan-made or incidental. FFE and its personnel select, produce, edit, and publish it to advance FFE's business.

23. FFE also features individual performers, including the Glove Magician, as part of its product. FFE promotes those performers on its own account, and their social-media presence in turn promotes FFE's games, tours, and brand.

**C. The Glove Magician Video**

24. On or about December 30, 2025, the Glove Magician published a video on TikTok at https://www.tiktok.com/@theglovemagician/video/7589768706763328798 (the "Glove Magician Video").

25. The Glove Magician Video was recorded on the field at the Bananas' home stadium. Signage reading "Home of the Savannah Bananas" is visible in the frame.

26. The Glove Magician Video reproduces and is synchronized with the Work, including its original drum composition and rhythmic arrangement.

27. On information and belief, the Work was played over the stadium's sound system under FFE's control as part of the Bananas' show, and the Glove Magician recorded and published that performance with FFE's knowledge, encouragement, and participation, to promote himself and the Savannah Bananas.

28. The Glove Magician Video has remained publicly available and continuously displayed and distributed on TikTok through and after the Work's effective date of registration.

**D. The Bananas Video**

29. On or about April 24, 2026, nearly three months after the Work's effective date of

registration, FFE published a video on its official account at https://www.tiktok.com/@thesavbananas/video/7632132573350595854 (the "Bananas Video").

30. The Bananas Video reproduces and is synchronized with the Work, including its original drum composition and rhythmic arrangement. It promotes the Savannah Bananas and the Glove Magician.

31. FFE did not select the Work from any TikTok licensed music library. FFE uploaded the audio itself and labeled it as the Savannah Bananas' own sound.

32. By claiming the Work as its own sound, FFE concealed Plaintiff's ownership and made the Work available for any TikTok user to copy into their own videos under the Bananas' name, multiplying the infringement.

33. The Bananas Video was a new and separate act of infringement by FFE through its own account, distinct from the Glove Magician Video, and it occurred entirely after registration.

34. Plaintiff never licensed or authorized FFE, the Glove Magician, or anyone acting for them to reproduce, synchronize, distribute, publicly perform, or publicly display the Work in either video.

35. Defendants used the Work to attract views, engagement, and followers, and to promote ticketed events, merchandise, and sponsors. Defendants received the commercial benefit of that exposure.

**E. Defendants Ignored Plaintiff's Notice**

36. On August 24, 2026, Plaintiff sent written notice of infringement to FFE, including its founder, identifying the registration, the Bananas Video, and the absence of any license, and demanding that FFE preserve all related evidence.

37. On August 28, 2026, FFE responded through outside counsel. That same day, Plaintiff explained that the Bananas Video credits the Savannah Bananas for the sound, identified the Glove Magician Video, and offered to resolve the matter through a retroactive synchronization license.

38. On September 2, 2026, FFE's counsel refused to identify any license, refused to make any proposal, and announced that FFE would not engage in further correspondence. That day, Plaintiff sent FFE's counsel a copy of the registration certificate.

39. FFE has never identified a license and has never compensated Plaintiff. Despite actual notice since August 24, 2026, Defendants have not taken down either video. As of the filing of this Complaint, the Bananas Video and the Glove Magician Video remain publicly

available on TikTok, and the sound FFE uploaded under the Savannah Bananas' name remains available for anyone to reuse.

40. FFE is a sophisticated media enterprise that licenses music in the ordinary course of business. It knew that commercial use of music requires a license, it claimed Plaintiff's Work as its own, and it continued exploiting the Work after receiving actual notice of Plaintiff's registered rights. Defendants' infringement was, and is, willful. Each day the videos remain online after notice is a knowing and deliberate choice to keep exploiting the Work without paying for it.

**COUNT I — DIRECT COPYRIGHT INFRINGEMENT: THE BANANAS VIDEO (17 U.S.C. §§ 106, 501) (AGAINST FFE AND DOES 2–10)**

41. Plaintiff incorporates paragraphs 1 through 40.

42. Plaintiff owns a valid copyright in the Work, registered before the Bananas Video was published.

43. FFE copied original, protectable elements of the Work by reproducing it, synchronizing it with audiovisual content, uploading it as a reusable sound, distributing it, and publicly performing and displaying it through the Bananas Video, in violation of 17 U.S.C. § 106(1), (3), (4), and (5).

44. FFE acted without license or authorization, and its infringement was and remains willful: FFE has kept the Bananas Video online after receiving actual notice of Plaintiff's registered rights.

45. Plaintiff has suffered damages, including lost license fees, and FFE has earned profits attributable to the infringement.

46. Plaintiff is entitled, at its election, to its actual damages and FFE's profits under 17 U.S.C. § 504(b), or to statutory damages under § 504(c), enhanced up to $150,000 for willful infringement, together with its costs and attorneys' fees under § 505.

**COUNT II — DIRECT COPYRIGHT INFRINGEMENT: THE GLOVE MAGICIAN VIDEO (17 U.S.C. §§ 106, 501) (AGAINST THE GLOVE MAGICIAN, FFE, AND DOES 2–10)**

47. Plaintiff incorporates paragraphs 1 through 46.

48. The Glove Magician copied original, protectable elements of the Work by reproducing it, synchronizing it with audiovisual content, distributing it, and publicly performing and displaying it through the Glove Magician Video, in violation of 17 U.S.C. § 106(1), (3), (4), and (5).

49. On information and belief, FFE jointly participated in creating that video by staging the performance, supplying the Work over its stadium sound system, and making its field and brand available for the recording.

50. Defendants acted without license or authorization. Their continued distribution and display of the Glove Magician Video after receiving notice of Plaintiff's registered rights is willful.

51. Plaintiff is entitled to its actual damages and Defendants' profits under 17 U.S.C. §

504(b), and to statutory damages and attorneys' fees to the full extent permitted by 17 U.S.C. §§ 412, 504(c), and 505.

**COUNT III — CONTRIBUTORY COPYRIGHT INFRINGEMENT (AGAINST FFE AND DOES 2–10)**

52. Plaintiff incorporates paragraphs 1 through 51.

53. The Glove Magician Video, and every TikTok video by any user that reuses the Work through the sound FFE uploaded under the Savannah Bananas' name, directly infringes Plaintiff's copyright.

54. FFE knew or had reason to know of that infringement. FFE materially contributed to and induced it by playing the Work at its venue for performers to record, by

uploading the Work as its own reusable sound, and by promoting the resulting content. FFE continued to do so after receiving actual notice.

55. FFE is liable for that infringement, and Plaintiff is entitled to the relief stated in paragraphs 46 and 51.

**COUNT IV — VICARIOUS COPYRIGHT INFRINGEMENT (AGAINST FFE AND DOES 2–10)**

56. Plaintiff incorporates paragraphs 1 through 55.

57. FFE had the right and ability to supervise and control the infringing conduct described in Counts II and III, including through its control of its stadium, its sound system, its featured performers, and its own TikTok sound page.

58. FFE received a direct financial benefit from that infringement, including audience growth and promotion of its ticketed events, performers, sponsors, and brand.

59. FFE declined to stop the infringement despite having the ability to do so, and it is vicariously liable for it. Plaintiff is entitled to the relief stated in paragraphs 46 and 51.

**COUNT V — FALSE COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(A)) (AGAINST FFE AND DOES 2–10)**

60. Plaintiff incorporates paragraphs 1 through 59.

61. The name, author, and owner of a work identified in connection with it are copyright management information under 17 U.S.C. § 1202(c).

62. When FFE uploaded the Work with the Bananas Video, it identified the audio as the Savannah Bananas' own sound. That identification was false: the Work was authored by Kristers Zemnieks and is owned by Plaintiff.

63. FFE knowingly provided and distributed that false copyright management information, with the intent to induce, enable, facilitate, or conceal infringement, including by presenting the Work as FFE's own and by enabling others to reuse it under FFE's name without a license from Plaintiff.

64. Under 17 U.S.C. § 1203, Plaintiff is entitled, at its election, to actual damages and FFE's profits, or to statutory damages of not less than $2,500 and not more than $25,000 for each violation, together with costs, attorneys' fees, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, and award:

a. A declaration that Defendants infringed Plaintiff's copyright in the Work and violated 17 U.S.C. § 1202, and that they did so willfully;

b. Preliminary and permanent injunctive relief under 17 U.S.C. §§ 502 and 1203(b)(1) barring Defendants and all persons acting in concert with them from reproducing, synchronizing, distributing, or publicly performing or displaying the Work without a license, and requiring removal of the Bananas Video, the Glove Magician Video, and the TikTok sound page attributing the Work to the Savannah Bananas;

c. An order under 17 U.S.C. § 503 for the impoundment and destruction of all infringing copies of the Work in Defendants' possession, custody, or control;

d. An accounting of all revenue, sponsorship value, and other benefits Defendants derived from the infringing videos;

e. Plaintiff's actual damages and Defendants' profits under 17 U.S.C. § 504(b), or, at Plaintiff's election before final judgment, the maximum statutory damages available under § 504(c), enhanced for willfulness;

f. Plaintiff's actual damages and Defendants' profits, or, at Plaintiff's election, statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202, under § 1203(c);

g. Plaintiff's full costs and reasonable attorneys' fees under 17 U.S.C. §§ 505 and 1203(b)(4)–(5);

h. Pre-judgment and post-judgment interest at the maximum rate allowed by law; and


Case 3:26-cv-01682 Document 1 Filed 10/23/26 Page 10 of 11 PageID #: 10

i. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: October 19, 2026

Respectfully submitted,

/s/ Hal Burke
Hal Burke, Esq. (038168)
SCHEER, GREEN AND BURKE LPA
One Seagate Suite 640
Toledo, Ohio 43604
(419)243-2283
hburke@sgblegal.com
*Counsel for Plaintiff* Music *L.A.A.*